UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIRAM NOEL MENDEZ,

                                        Plaintiff,

              -against-

REGINALD J. JOHNSON; STEPHEN A.
RONCO; SPENCER GUERRERO; TINA
CARDINALE; BELLE BOWEN; OFFICER
DYCKTRA; OFFICER SANTOS,

                                        Defendants.

22-CV-6811 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction,

alleging that Defendants violated his civil rights. The Court construes the complaint as asserting

claims under 42 U.S.C. § 1983. Named as Defendants are City of Peekskill Judge Reginald J.

Johnson; Assistant District Attorney (ADA) Stephen A. Ronco; City of Peekskill Clerk of Court

Spenser Guerrero; City of Peekskill Chief Clerk Belle Bowen;[1] Tina Cardinale; and Officers

Dycktra and Santos. By order dated August 10, 2022, the Court granted Plaintiff's request to

proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

For the reasons set forth below, the Court dismisses Plaintiff's claims against Judge

Johnson, Clerk of Court Guerrero, and Chief Clerk Bowen, and grants Plaintiff leave to file an

amended complaint with respect to the remaining defendants within 60 days of the date of this

order.

---

[1] Plaintiff sometimes lists this defendant's last name as "Bowmen."

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The complaint alleges that Plaintiff's claims arose on January 12, 2020, in Peekskill, New York. The "facts" section of the complaint states in its entirety:[2]

> I bealieve and do believe that I have concerning fiduciary relationships in the matter of HIRAM NOEL MENDEZ Estate Peekskill City Court claimed to be fiduciary's trustees over one's estate and they're also claiming to be beneficiaries so they're collecting on the estate I'm standing in there courts venue being auctioned off without my knowledge or concent or authorization and at the same time they're collecting. They want me to pay whether it's in my physical being or

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. The Court otherwise quotes from the complaint verbatim and all grammar, spelling and punctuation are as in the original.

FRN what have you [F]ederal Reserve Notes. I do not wish to bring liability
issues upon that court however my life has been place in jeopardy. I am being
targeted and I require an advocate and the underline subject here is I don't want to
be a party of any tax fraud. Nunc pro tunc.

(ECF 2, at 5.)

Plaintiff describes his injuries as the following: "I had to go to the hospital because my

handcuff I mean there had cuffs hurt me so bad I was bleading I needed to get professional help."

(*Id.* at 6.)

In the section of the complaint form to state the relief he is seeking, Plaintiff writes,

I demand compensation from the state in the amount of $240,000.00 for the
commercial injuries I have sustained from the loss of my property, loss of time
from work and cost certify mailings and affidavit notice of man's and parties
involved the cost of filing and according as well the expensive and curve traveling
as resolved to being deprived of use my private property automobile.

(*Id.*)

## DISCUSSION

Because Plaintiff states that Defendants violated his civil rights, the Court construes the

complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under Section, a plaintiff

must allege both that: (1) a right secured by the Constitution or laws of the United States was

violated, and (2) the right was violated by a person acting under the color of state law, or a "state

actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A.     Judicial and Quasi-Judicial Immunity

The Court dismisses Plaintiff's claims against Judge Johnson, Clerk of Court Guerrero,

and Chief Clerk Bowen. Judges are absolutely immune from suit for damages for any actions

taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Generally, "acts arising out of, or related to, individual cases before the judge are considered

judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad

faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

This immunity also applies to government officials, including clerks of court and other court employees, for their acts that assist a judge in the performance of his or her judicial duties. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Ali v. Pollak*, 182 F.3d 898 (2d Cir. 1999) (unpublished opinion) (extending judicial immunity to a pro se law clerk); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (extending judicial immunity to a judge's law clerk); *Chmura v. Norton, Hammersley, Lopez & Skokos Inverso PA*, No. 3:17-CV-2164, 2018 WL 2138631, at *2 (D. Conn. May 9, 2018) (extending judicial immunity to a clerk of court); *Manko v. Ruchelsman*, No. 12-CV-4100, 2012 WL 4034038, *2 (E.D.N.Y. Sept. 10, 2012) (same), *appeal dismissed*, 12-4080 (2d Cir. Jan. 31, 2013); *Gibson v. Brown*, No. 12-CV-0622, 2012 WL 1744845, at *4-5 (E.D.N.Y. May 16, 2012) (extending judicial immunity to a pro se writ clerk), *appeal dismissed*, No. 12-2748 (2d Cir. Dec. 20, 2012).

Although the factual basis is not entirely clear, it appears that Plaintiff's claims against Johnson, Guerrero, and Bowen arise from actions taken with respect to a case before Judge Johnson in the Peekskill City Court. Plaintiff fails to allege any facts showing that these defendants acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Johnson, Guerrero, and Bowen for "acts arising out of, or related to, individual cases before" Judge Johnson, these defendants are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Johnson, Guerrero, and Bowen because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

**B.      Claims against ADA Ronco**

Plaintiff also asserts claims against ADA Ronco. However, prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant

would be arraigned was in preparation for a court proceeding in which the prosecutors were

acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*,

*Van de Kamp*)).

Because the complaint does not allege any facts explaining how ADA Ronco allegedly

violated Plaintiff's rights, the Court is unable to determine whether prosecutorial immunity

applies. If Plaintiff believes that Ronco has committed acts outside of the scope of his official

duties as a prosecutor that have violated Plaintiff's rights, Plaintiff may reassert his claims

against Ronco in the amended complaint, and Plaintiff must allege facts suggesting that

prosecutorial immunity does not apply.

## C.    Claims against Dycktra, Santos, and Cardinale

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff does not allege facts suggesting a plausible Section 1983 claim against

Officer Dycktra, Officer Santos, or Tina Cardinale. Plaintiff names the two police officers as

defendants and states that he was bleeding due to handcuffs, but he does not allege any facts

explaining how these two defendants were personally involved in causing such injuries.

Furthermore, Plaintiff names Tina Cardinale as a defendant in the caption, but the complaint does not allege any facts regarding Cardinale, including who she is or how she was personally involved in violating Plaintiff's rights. The Court therefore grants Plaintiff leave to file an amended complaint that alleges facts suggesting that Officer Dycktra, Officer Santos, and Tine Cardinale violated his rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is not clear at this point that amendment would be futile, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his Section 1983 claims against ADA Ronco, Tina Cardinale, and Officers Dycktra and Santos. If Plaintiff chooses to reassert his claims against Ronco, he must allege facts suggesting that Ronco has committed acts outside of the scope of his official duties as a prosecutor that have violated Plaintiff's rights.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against Johnson, Guerrero, and Bowen because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills,* 645 F.3d at 177 ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-6811 (LTS). An Amended Civil Rights

Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 22, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes      ☐ No
          (check one)

___ **Civ.** _____ (   )

I.     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1     Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

Defendant  No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

II.     **Statement of Claim:**

State as briefly as possible the _facts_ of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.     Facts:_____

**What happened to you?**

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

> **Was anyone else involved?**

_____
_____
_____
_____
_____

> **Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

                _____

        2.      What was the result, if any?
                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*

_____
_____
_____
_____

**VI.    Previous lawsuits:**

> **On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case?  (For example:   Was the case dismissed?   Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

> **On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____     No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number              _____

Institution Address         _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

*Rev. 01/2010*                    7